UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CR-0249-CVE |
| ) | |
| TIMMY EDWARD PINKLEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Review of Magistrate's Order of Detention (Dkt. # 50). Defendant is currently being detained in the Payne County jail pending trial, and he asks the Court to review the magistrate judge's detention order. Defendant argues that the events giving rise to this case occurred in 2018 and he has since been restored to competency, and he no longer poses a danger to the community or a serious flight risk. Dkt. # 50, at 3. Plaintiff has filed a response in opposition to defendant's motion, and argues that defendant has a lengthy history of drug use and domestic violence that cannot be overlooked simply because defendant has recently received mental health treatment. Dkt. # 52. Defendant has filed a reply stating that, according to his family, he may not be receiving his prescribed medication for non-Hodgkins lymphoma while he is in custody pending trial. Dkt. # 53.

On December 7, 2018, a grand jury returned an indictment charging defendant with one count of being a felon in possession of a firearm in violation of 18 U..S.C. § 922(g)(1). Dkt. # 2. Defendant made his initial appearance on December 17, 2018 and William Widell was appointed to represent defendant. Dkt. # 8. Defendant waived his right to a detention hearing and consented to the entry of a detention order. Dkt. # 10. Widell filed a motion requesting a psychiatric or

psychological examination of defendant to determine his competency to stand trial, because he believed that defendant could be suffering from a mental disease or illness and defendant was unable to understand the nature and consequence of the proceedings. Dkt. # 16. Magistrate Judge Jodi F. Jayne granted the motion and defendant was referred to the United States Bureau of Prisons (BOP) for a competency evaluation. Dkt. # 23. The BOP recommended that defendant was suffering from a delusional disorder and was presently unable to assist in his own defense, and the forensic psychologist recommended a sustained period of treatment with antipsychotic medication. Dkt. # 30. On March 20, 2020, the BOP determined that defendant was restored to competency and recommended a course of treatment that would allow defendant to remain competent as the proceedings progress. Dkt. # 40. However, the second forensic evaluation notes that defendant has a severe stimulant use disorder, and his psychosis could reoccur if he uses illegal substances such as methamphetamine. Dkt. # 40, at 6, 9.

Defendant filed a motion (Dkt. # 43) asking Judge Jayne to reconsider the detention order on the grounds that defendant had been restored to competency and that defendant had a compromised immune system due to treatment for non-Hodkins lymphoma. Defendant also cited the risk for incarcerated persons of becoming infected with COVID-19. Dkt. # 43, at 3. Defendant stated that he could live with his mother or sister if he were released, and he could continue to receive medical treatment that he was not being provided while in pretrial detention. Judge Jayne denied defendant's motion to reconsider her decision to detain defendant pending trial. Dkt. # 48. Defendant has prior felony convictions related to illegal drugs and domestic violence, and he was serving a suspended sentence when the offense charged in this case occurred. Id. at 2. There was no dispute that defendant's treatment for non-Hodgkins lymphoma did compromise his immune

system, but he offered no evidence of imminent physical distress or a medical emergency. Id. Defendant stated that he could live with his mother or sister, but the probation officer was unable to contact his mother or sister to confirm that this would be acceptable. Id. Judge Jayne took defendant's medical condition into account and considered the risk that COVID-19 could pose to someone with a compromised immune system, but this did not overcome the significant evidence that defendant posed a danger to his family or the community or that he could begin using illegal drugs again if he was released pending trial. Id. at 2-3.

Defendant has filed a motion asking this Court to review the detention order, and the Court will treat the objection a motion for revocation of a detention order under 18 U.S.C. § 3145(b). Under § 3145(b), "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The Tenth Circuit requires this Court to conduct de novo review of a magistrate judge's detention order. United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A district court has the discretion to hold an evidentiary hearing if it determines that additional evidence is necessary or it may rule on the written pleadings and evidence if the factual record is sufficient. United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985). The Court has determined that it has a sufficient factual record and that an evidentiary hearing is unnecessary.

Under 18 U.S.C. § 3142(f), the Court must consider whether there are conditions or a combination of conditions that will assure the appearance of the defendant and protect the safety of any other person or the community. The Court must take into account the following factors when making this determination:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristic of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense, or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Plaintiff has filed a response to defendant's motion and has provided copies of the probable cause affidavit for defendant's arrest, the portion of the pretrial services report containing defendant's criminal history, and the second forensic evaluation from the BOP. The probable cause affidavit states that the anticipated charges against defendant were domestic abuse with great bodily injury and domestic abuse with a prior pattern of physical abuse. Dkt. # 52-1, at 1. The victim of domestic abuse was defendant's wife, Keturah Pinkley, and she told police that defendant was chasing her as she ran from the home and she hit her head when she tripped and fell. Id. at 2. She ran from the house when defendant "started hearing stuff thinking [she] was against him" and she "got SCARED he was going to KILL ME." Defendant approached her when she was on the ground and punched her in the head, and then he dragged onto the front porch of their house. Id. at 5.

Keturah Pinkley advised police that defendant had a firearm in the home, and police did recover a firearm during a consent search of the home. Id. at 6. The probable cause affidavit lists numerous prior reports of domestic violence involving defendant and Keturah Pinkley. Id. at 5-8. There was also an incident in which defendant brought his mother to the Sheriff's office and her hands were bound with tape. Id. at 5. Defendant's mother stated that defendant began yelling at her, and he threatened to beat her up and kill her.[1] Id. The pretrial services report shows that defendant has a lengthy criminal history and he was serving a suspended sentence when the events giving rise to this case occurred. Dkt. # 52-2.

The first factor for the Court to consider is the nature and circumstances of the charged offense. Defendant argues that this is a "simple possession of a firearm case," and there was no evidence that defendant intended to use the firearm to commit a crime. Dkt. # 50. He also claims that any other circumstances concerning the offense can be explained by his prior mental illness. The probable cause affidavit shows that this was much more than a "simple possession" case, and defendant's wife was in fear for her life due to his abusive and violent conduct. Defendant's wife fled from the home and injured herself when she tripped and fell, and defendant hit her on the head and dragged her back to the front porch. Keturah Pinkley advised the police that there was a firearm in the home, but she denied that defendant threatened to use the firearm. Dkt. # 52-1, at 3. Based on the first forensic evaluation (Dkt. # 30), it appears that defendant was suffering from a delusion that his wife was a "double" or a "clone," and mental illness may have contributed to the defendant's

---

[1]   The forensic examiner states that defendant was convinced that the woman was not his mother, and he brought his mother to the police station based on his delusion that the woman may have been a "double" or clone of his mother. Dkt. # 30, at 6. Defendant's mother did not press charges against him and stated that she wanted to get help for him. Id. at 5.

5

conduct. However, this does not mean that the Court can simply disregard the dangerousness of the offense conduct and his numerous prior acts of domestic violence. The second forensic evaluation states that defendant's prognosis for the future is "fair," but the use of illegal substances could cause a relapse of his psychosis. Dkt. # 40, at 9. The Court finds that the nature of circumstances weigh in favor of pretrial detention due to the violent nature of the offense conduct.

The next factor is the weight of the evidence against the defendant. Defendant argues that he did not make a confession and the weapon was recovered from a jointly occupied home. Dkt. # 50. However, defendant is charged with being a felon in possession of a firearm and ammuntion, and the pretrial services report establishes that defendant has several prior felony convictions. The probable cause affidavit also refers to an incident in which defendant held Keturah Pinkley hostage with the firearm, and this tends to show that defendant knowingly possessed the firearm. See Dkt. # 52-1, at 7. The Court takes into account the factors cited by defendant but finds that the weight of the evidence is significant.

The third factor for the Court to consider is the history and characteristics of the defendant. Defendant argues that he previously suffered from delusions that were caused by methamphetamine abuse, but he has been sober for approximately 18 months and is no longer suffering from delusions. Dkt. # 50, at 5. He also argues that he needs treatment for non-Hodgkins lymphoma that he cannot receive in pretrial detention, and his weakened immune system will increase his risk of contracting COVID-19. Id. at 6. The Court will take into account that defendant has been sober while receiving custodial medical treatment, and the second forensic evaluation suggests that he is not currently suffering from delusions. This does not mean that the Court can disregard defendant's history of criminal behavior, domestic violence, and drug use, even if this conduct was driven in part by mental

6

illness. The Court also notes that there is no evidence in the record establishing defendant's ties to the community, and he has a prior arrest for bail jumping. Dkt. # 52-2, at 4. As noted by the magistrate judge, pretrial release poses a risk the defendant could resume using illegal drugs and his violent behavior and delusions could resurface. Dkt. # 48, at 3. The second forensic evaluation states that defendant has been diagnosed with a severe stimulant use disorder, and methamphetamine use would likely cause a recurrence of his psychotic behavior. Dkt. # 40, at 6, 9. Defendant's delusion behavior has been minimized in a controlled environment, but the Court finds that defendant's past behavior and the likelihood of recurrence of this behavior if he uses illegal drugs weigh strongly in favor of pretrial detention.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community posed by releasing defendant pending trial. Defendant does not make any specific argument as to this factor, and plaintiff's arguments on this issue overlap with the issues already considered with the other § 3142(g) factors. Defendant states that he could live with his mother or sister while awaiting trial, but this would raise serious concerns for the safety of his mother or sister if defendant should have a relapse of his prior psychotic or delusional behavior. The Court finds that defendant would likely pose a serious risk of danger to his family members or the community if he were released pending trial.

Although not a specific statutory factor, the Court will separately consider defendant's argument that he could be exposed to COVID-19 if he is detained pending trial. The Court notes that defendant has not offered any evidence that there are any confirmed cases of COVID-19 at the Payne County jail, and it is not clear that defendant's risk of infection is any greater in pretrial detention than if he were released. Plaintiff responds that jail officials are taking precautions to prevent the

transmission of COVID-19 and, should defendant contract the illness, the jail can place defendant in isolation and provide appropriate medical treatment. Dkt. # 52, at 19. The Court does not find that a generalized risk of contracting COVID-19 while in pretrial detention outweighs the significant evidence that defendant poses a danger to the safety of the community, and defendant's motion to revoke the order of pretrial detention is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Review of Magistrate's Order of Detention (Dkt. # 50) is **denied**.

**DATED** this 30th day of April, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE